## Town of Hartford v. Commissioner of Taxes

[382 A.2d 202]

No. 117-77

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed December 6, 1977

*Paterson, Gibson, Noble & Brownell*, Montpelier, for Plaintiff.

*M. Jerome Diamond*, Attorney General, and *Richard J. King*, Assistant Attorney General, Montpelier, for Defendant.

**Barney, C.J.** Under the provisions of 16 V.S.A. § 3458a, the commissioner determined the aggregate fair market value of all taxable property in the plaintiff town. That town disputed the redetermination as to the property of the New England Power Company and appealed to the Windsor Superior Court. That court affirmed the commissioner's appraisal.

The issue raised related to the effect of a decree of the Windsor County Court of Chancery in 1971. As a consequence of contested litigation about the correct assessed value of the New England Power Company property in Hartford, a stipulation of such values for the years 1970-1975 was entered into and embodied in a final decree. It is the plaintiff's position that these adjudicated values are not properly subject to reappraisal by the commissioner. The lower court rejected this contention, as do we. The relevant portions of 16 V.S.A. § 3458a at the time of the commissioner's determination read:

> Biennially, the commissioner of taxes shall determine the aggregate fair market value of all property which is taxable by each town and incorporated school district of the state. For purposes of this part, "taxable property" includes any property which has been exempted, whether in whole or in part, from taxation by action of the town in which that property is located. "Town" or "town school district" includes cities or city school districts, as the case may be.

> (1) The aggregate fair market value of taxable property as determined, or, if such be the case, as redetermined, by the commissioner for any town or district and for any year under this section shall be known as the equalized fair market value of that town or district for that year.

(2) Any determination made by the commissioner under this section shall be based upon such sample appraisals, market studies, or other investigative, statistical or projective techniques as, in the judgment of the commissioner, and in view of the resources available for that purpose, shall be appropriate to support that determination.

The purpose of this appraisal was to implement an equalization of State funds as between municipalities. Various communities may vary in ways of appraisal that could put them at an advantage or disadvantage with respect to the distribution of State aid to education funds. It was the intended purpose of the reappraisal provisions to authorize the commissioner to bring the measuring of taxable resources of communities to a more nearly common measure. This, obviously, was to make the distribution of State funds for education as fair as possible.

The essence of this statutory procedure is to free the commissioner from the appraisal binding on the municipality for its own tax purposes. There is no doubt that the court decree operating between the taxpayer and the town bound the town to a value of the property for town tax purposes, even though it was a stipulated appraisal rather than being determined independently by the trier.

But the town is similarly bound by its own grand list, yet the statutory authority given the commissioner overrides it. Taking this statutory authority together with the acknowledged fact that neither the commissioner nor the Department of Taxes was a party to the litigation cited, it is the holding of this Court that the commissioner had full authorization to reappraise the property in question. To hold otherwise would frustrate the statutory objective.

*Judgment affirmed.*